1  **Andrea C. Wood**
2  **40 Hilldale Court**
3  **Orinda, Cal. 94563**
4  **Tel.: (415) 375-1686**
5  **Email:** dreacwood@gmail.com

**FILED**

JUL 25 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

6

7              **UNITED STATES DISTRICT COURT**
8            **NORTHERN DISTRICT OF CALIFORNIA**
9                **SAN FRANCISCO DIVISION**

10

11  **ANDREA C. WOOD,**                          **CASE NO.**

12     **Plaintiff**

13                                          **CV 19 - 4266 · MMC**

14          **v.**

15                                              **COMPLAINT**

16  **COUNTY OF CONTRA COSTA, LOIS**
17  **HAIGHT, KELLIE CASE, EDYTH**
18  **WILLIAMS, MARY P. CAREY, JUDITH**
19  **LAWRENCE, GUTIERREZ, PATRICIA**
20  **LOWE, ERICA BAINS, THOMAS**
21  **MADDOCK, JOHN DOE and JANE DOE**

22

23     **Defendants**

24  **JURY TRIAL DEMANDED**

25

26  **COMPLAINT FOR VIOLATION OF FIRST AMENDMENT, 42 U.S.C.**
27     **§1983, FOURTEENTH AMENDMENT, and 18 U.S.C. 1961, et seq.**

28

29                      **JURISDICTION**

30   1. This is an action for relief, proximately the result of conduct engaged in by the

31      County of Contra Costa, Lois Haight, Erica Bains, Kellie Case, Edyth Williams,

32      Patricia Lowe, Judith Lawrence, Gutierrez, and Thomas Maddock in violation of

33      First Amendment, 42 U.S.C. §1983, Fourteenth Amendment, and 18 U.S.C.

34      1961, *et seq,*

35   2. This Court has personal jurisdiction over the Defendants because all factual

36      allegations derive from violations of First Amendment, 42 U.S.C. §1983,

37      Fourteenth Amendment, 18 U.S.C., 1961 *et seq,* and for the sake of judicial

38      expediency, this Court has supplemental jurisdiction over all other claims,

39      brought now or ever, that are so related to claims in the actions of the parties

40      within such original jurisdiction that they form part of the same dispute pursuant

41      to 28 U.S.C. §1367.

42   3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C.

43      §§1331 and 1338 (federal question jurisdiction). Jurisdiction is premised upon

44      the Federal defendants' violation of First Amendment, 42 U.S.C. §1983,

45      Fourteenth Amendment, and 18 U.S.C. §1961, *et seq.*

46                    **VENUE**

47

48   4. Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400 because

49      the bulk of Plaintiff's business is transacted in the County of Contra Costa,

50    California, and for the Defendants that do not, and for the sake of judicial

51    expediency, this Court has supplemental jurisdiction over the Defendants that are

52    so related to claims in the actions of the parties within such original jurisdiction

53    that they form the Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331,

54    1343.

55    **THE PARTIES**

56    5. Plaintiff, Andrea C. Wood (hereinafter "Plaintiff"), is a *sui juris* resident of

57    Orinda, Cal. residing at:

58    40 Hilldale Court
59    Contra Costa County
60    Orinda, California
61    +1 (415) 375-1686

62    6. Federal defendant County of Contra Costa (hereinafter "County") is a county in

63    the U.S. State of California, covering an area of 716 square miles, consisting of

64    a population of 1.1 million residents with a principal place of business at:

65    751 Pine Street
66    Contra Costa County
67    Martinez, California 94553
68    +1 (925) 313-1180

69    7. Federal defendant Lois Haight (hereinafter "Haight"), sued in her individual

70    capacity, is a *sui juris* resident of places unknown and is a Superior Court

71    Judge of the Superior Court of Contra Costa County with a principal place of

72    business at:

73    640 Ygnacio Valley Drive
74    Contra Costa County,
75    Walnut Creek, California, 94596
76    +1 (925) 608-1000

77

78    8. Federal defendant Mary P. Carey (hereinafter "Carey") is a *sui juris* resident of

79       places unknown and is a preferred attorney in the family courts of Contra Costa

80       County with a principal place of business at:

81    1850 Mount Diablo Boulevard, Suite 670
82    Contra Costa County
83    Walnut Creek, California 94596
84    +1 (925) 943-1843

85    9. Federal defendant, Erica Bains (hereinafter "Bains"), is a *sui juris* resident of

86       Orinda, Cal. residing at:

87    24 Hilldale Court
88    Contra Costa County
89    Orinda, California
90    +1 (925) 258-9390

91    10. Federal defendant Kellie Case (hereinafter "Case"), sued in her individual

92        capacity, is a *sui juris* resident of places unknown and is a Social Worker at

93        Contra Costa County Department of Family & Child Services ("DFCS") with a

94        principal place of business at:

95    500 Ellinwood Way
96    Contra Costa County
97    Pleasant Hill, California 94523
98    +1 (877) 881-1116

99    11. Federal defendant Edyth Williams (hereinafter "Williams"), sued in her

100      individual capacity, is a *sui juris* resident of places unknown and is a Social

101      Worker at DFCS with a principal place of business at:

102      500 Ellinwood Way
103      Contra Costa County
104      Pleasant Hill, California 94523
105      +1 (877) 881-1116

106    12. Federal defendant Judith Lawrence (hereinafter "Lawrence") is a *sui juris*

107      attorney for child, HP, with a principal place of business at:

108      1119 Oakwood Circle
109      Contra Costa County
110      Clayton, California 94517
111      +1 (925) 995-8452

112

113    13. Federal defendant Gutierrez (hereinafter "Gutierrez"), sued in her individual

114      capacity, is a *sui juris* resident of places unknown and is a Social Worker at DFCS

115      with a principal place of business at:

116      500 Ellinwood Way
117      Contra Costa County
118      Pleasant Hill, California 94523
119      +1 (877) 881-1116

120

121    14. Federal defendant Patricia Lowe (hereinafter "Lowe"), sued in her individual

122      capacity, is a *sui juris* resident of places unknown and is Deputy County Counsel

123      in the Office of County Counsel, with a principal place of business at:

124    751 Pine Street
125    Contra Costa County
126    Martinez, California 94553
127    +1(925) 335-1800

128

129  15. Federal defendant Thomas Maddock (hereinafter "Maddock"), sued in his

130    individual capacity, is a *sui juris* resident of places unknown and is a Superior

131    Court Judge of the Superior Court of Contra Costa County with a principal place

132    of business at:

133    1000 Center Drive
134    Contra Costa County,
135    Pittsburgh, California, 94565
136    +1(925) 608-1000

137                       **STATEMENT OF FACTS**

138

139  16. On August 17, 2017, a false report was filed by a neighbor, Federal defendant

140    Erica Bains, with DFCS against the Plaintiff. While some of the violations of

141    Plaintiff's Federally protected rights occurred during the DFCS proceedings,

142    many, many more did not but were committed by public officials acting in their

143    individual capacities designed to harm Plaintiff. Plaintiff, by this instant action,

144    neither requests the return of her children (there are other mechanisms in place)

145    nor the overturning of any State determinations; the instant action is a civil rights

146    claim for damages for the violation of Plaintiff's Federally protected rights. As

147    such, Rooker Feldman and Younger Abstention do not apply.

148  17. After a one-time donation of $35,000 to a charitable cause supported by Federal

149      defendant Bains, Bains viewed the Plaintiff as her own personal ATM machine.

150      When the spigot was turned off, Bains concocted her false report and contacted

151      DFCS.

152  18. Eventually DFCS removed Plaintiff's children, all flagrant violations of the

153      Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to

154      the U.S. Constitution and in doing such the State Actors had forfeited their

155      qualified immunity (See *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 810-11 (1982).

156  19. Federal defendant Gutierrez, proceeded to file a malicious Detention Report

157      based on fabricated allegations, with no evidence, using the wrong standard of

158      preponderance of the evidence as opposed to the clear and convincing standard

159      (see *Santorsky v. Kramer* 455 U.S. (1982)) and palmed it off on Federal defendant

160      Lois Haight.

161  20. Upon information and belief, Haight hand picks preferred lawyers for indigent

162      Respondents, but not Respondents with the ability to private pay; however, in

163      Plaintiff's case, a private paying Respondent, Haight did hand pick for Plaintiff.

164      Court recommended lawyers who are dependent on court referral business for

165      their livelihood, often do not act in the best interest of the Respondents but rather

166      seek to conspire and collude with the Contra Costa County court, in order to

167      obtain false indications against innocent Respondents

168   21. In the case of Plaintiff, this preferred lawyer was Federal defendant Mary P.
169        Carey, hand selected by Federal defendant Haight.    Carey, immediately
170        proceeded contrary to the wishes of Plaintiff (see Preferred Lawyers list attached
171        herein as Exhibit "A").

172   22. The Haight court oftentimes obstructed justice in violation of 18 U.S. C. 1961, *et*
173        *seq.* when she ordered Plaintiff-Respondent into the hallway and Federal
174        defendant Carey would deal on (and quite likely off) the record of court
175        transcripts with Haight which were strongly against Plaintiff's interests.

176   23. Subsequent to the Jurisdictional trial Federal defendant Carey obstructed justice
177        in violation of the Civil RICO statute by blocking Plaintiff's evidence which
178        contributed to the finding of false allegations against Plaintiff and a violation of
179        her federally protected rights to Due Process under the Fourteenth Amendment.

180   24. Social Worker and Federal defendant Edyth Williams proceeded to tell untruths
181        about Plaintiff's visits with KP, blocked mental health sessions for HP and,
182        therefore, family reunification efforts in violation Plaintiff's Federally protected
183        right under *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999).

184   25. Federal defendant Williams stated under oath under the penalty of felony "that
185        HP was open to visits with his mother" or words to that effect; Williams did not
186        schedule those either in violation Plaintiff's Federally protected right under
187        *Tenenbaum.*

188    26. Plaintiff was told she could write letters and did write letters to HP in December

189       2017 and August 2018. Williams testified the letters were appropriate, but the

190       letters never delivered to HP by Williams that hampers reunification and is a

191       violation of Plaintiff's Federally protected rights under the Due Process Clause

192       of the Fourteenth Amendment and the Equal Protection Clause because, upon

193       information and belief, Plaintiff was singled out and discriminated against for the

194       reason that Plaintiff is a physically attractive, blonde Respondent, the CEO of a

195       vast real estate empire looked upon with envy by her adversaries.

196    27. Without Plaintiff's authorization, Federal defendant Carey stated on the record

197       "Your honor, I had made a request that there be no contact between my client

198       (Plaintiff) and HP" and "if this keeps going on and on and on it is going to have

199       some negative effects on the youngest child for sure" which violates the Due

200       Process Clause of the Fourteenth Amendment.

201    28. Upon information and belief Federal defendant Carey made the premeditated,

202       malicious intent to harm HP and KP, to physically separate the family, and

203       remove HP and KP from Plaintiff in violations of Plaintiff's Federally protected

204       rights.

205    29. On January 9, 2018 Federal defendant Kellie Case testified "not that I recall"

206       when asked "Did HP ever tell you that his mother (Plaintiff) hit him on more than

207       one occasion," prompting a disapproving look from Federal defendant Haight,

208    leading Ms. Case who had already testified, to stumble and say "Can I correct

209    that?" Haight exploded back "What? Yes." Federal defendant Case, followed the

210    Judge's lead, changed her testimony to "Yes, he did" notwithstanding that a

211    moment earlier she attested to no such recollection which obstructs justice in

212    violation of the Civil RICO statute

213  30. Another example of where Federal defendant Haight obstructs justice in

214    violation of the Civil RICO statute and interferes with testimony, is when HP was

215    asked "you have been hit before by your nanny, right." HP responds, "Yes."

216    Haight stated "Wait a minute. Wait a minute." Clearly, Federal defendant Haight

217    was attempting to coach the witness to change his testimony, an obstruction of

218    justice in violation of the Civil RICO statute codified as 18 U.S.C. 1961, *et seq.*

219    which as pled, Plaintiff demands treble damages.

220  31. Now, at all times relevant hereto, Federal defendant Patricia Lowe, Deputy

221    County Attorney represented the Petitioner. Patricia Lowe contacted

222    Plaintiff's therapists without the written consent of Plaintiff.

223  32. Upon information and belief, Lowe was dismayed by the glowing assessments

224    from the therapists who stood firmly in support of the Plaintiff and reunification.

225  33. On July 31, 2018, Federal defendant Lowe sent an email in which she stated that

226    "I called the [Plaintiff's] doctors to impose upon the doctors her and the courts

227    'opinions' about the Plaintiff as she, the county prosecutor, did not care for the

228    physician recommended conclusion to return the children to the Plaintiff," or

229    words to that effect which is not surprising attached herein as Exhibit "B."

230    34. Plaintiff received a notice in court service reports, that the court wishes to adopt

231    out HP and KP and that Plaintiff would foot the bill. Federal defendant Case

232    indicated to Plaintiff that the Court was intending to bill Plaintiff $700,000 for

233    court costs where under California law, a Respondent is only required to

234    reimburse the State for the cost of Court appointed lawyers; the State actors

235    extorted Plaintiff when it was said "you will never see your children again,"

236    which violates the Civil RICO statute. Plaintiff did not make use of Court

237    appointed lawyers.

238    35. Federal defendant Haight denied Plaintiff's right to call a witness.

239    36. In addition to denying Plaintiff her Sixth Amendment right to exercise her choice

240    of counsel and face her accusers, Federal defendant Maddock stated "you make

241    one mention of these matters to the mass media and I am going to have  you

242    arrested," or  words  to that effect. Federal defendant Maddock chilled Plaintiff

243    rights to free speech.

244    **FIRST AMENDMENT – LEGAL STANDARD**

245    37. The First Amendment to the Constitution of the United States provides:

246    Congress shall make no law respecting an establishment of religion or prohibiting
247    the free exercise thereof; or abridging the freedom of speech, or of the press; or

248    the right of the people peaceably to assemble, and to petition the Government for
249    a redress of grievances.

250    38. To assert a First Amendment claim against a public official, a private citizen must

251    show that: (1) [he] has an interest protected by the First Amendment; (2)

252    defendants' actions were motivated or substantially caused by Plaintiff's exercise

253    of that right; and (3) defendants' actions effectively chilled the exercise of

254    Plaintiff's First Amendment right or caused Plaintiff to suffer some other

255    concrete harm.

256    39. Federal defendant Maddock's actions were motivated or substantially caused by

257    Plaintiff's exercise of that right in her role as an activist opposed to sex trafficking

258    of children.

259    40. Federal defendant Maddock caused Plaintiff to suffer concrete harm and cause

260    suffer fear, emotional angst, and a violation of her person.

261    41. It is well settled that parents have a substantive right to the custody of their

262    children (See, e.g., *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir.

263    2012)) and such holding was recently upheld in the Ninth Circuit Court of

264    Appeals in *Demaree v. Pederson* (14-16207, filed January 23, 2018) the actions

265    that Federal defendants Haight, Case, Williams, Gutierrez, Carey, Lawrence,

266    Bains, and Lowe denied that right.

267    42. Haight, Case, Williams, Carey, Lawrence, Gutierrez, Bains, Lowe, and County

268         portray themselves as unrepentant, recidivist,   defamers,   famacides,   libelers,

269         slanderers, and civil racketeers.

270    **42 U.S.C. 1983 -- LEGAL STANDARD**

271    43. 42 U.S.C. §1983 provides in pertinent part:

272         Every person who, under color of any statute, ordinance, regulation, customer
273         usage, of any State or Territory or the District of Columbia, subjects, or causes
274         to be subjected, any citizen of the United States or other person within the
275         jurisdiction thereof to the deprivation of any rights, privileges, or immunities
276         secured by the Constitution and laws, shall be liable to the party injured in an
277         action at law, suit in equity, or other proper proceeding for redress.

278    44. The elements of a §1983 claim are:

279              a.  a "person";

280              b.  acted under "color of law"; and

281              c.  deprived another person of a constitutional right.

282    45. A State is not a person under 42 U.S.C. §1983, but a City is a person under the

283         law (*Will v. Michigan Department of State Police* 49 US 58 109 S. Ct. 401 2304

284         105 394 L. Ed 2d 45 [1989]).

285    46. State or City officials acting in their official capacities are not persons under

286         U.S.C. §1983, but State or City officials acting in their individual capacities are

287         persons under the law.

288   47. Federal defendants Haight, Case, Williams, Carey, Lawrence, Gutierrez, Lowe,

289   Maddock and County are persons.

290   48. Federal defendant Case, Williams, and Gutierrez are persons who acted "under

291   color of state law" when they filed a frivolous Petition that caused the removal

292   of TP, HP, and KP from their home.

293   49. Thus, Plaintiff maintains that liability under §1983 has been established as:

294   a. Federal defendants Haight, Case, Williams, Carey, Lawrence,

295   Gutierrez, Lowe, Maddock and County were on duty;

296   b. Federal defendants Haight, Case, Williams, Carey, Lawrence,

297   Gutierrez, Lowe, Maddock and County hold themselves out as

298   public officials;

299   c. Federal defendants Case, Williams, and Gutierrez invoked the

300   authority of her office and in her individual capacities when they

301   caused the removal of TP, HP, and KP from their home;

302   50. Plaintiff further maintains that liability under §1983 has been established as

303   Plaintiff alleges facts that plausibly give rise to claims that his injuries were

304   caused by a policy or custom of County as follows:

305   a. In Re Baby Boy Ward, after a stake out of a Mother's recovery

306   room, a new born baby was removed;

307      b. In Re child of Veronica Rezentes who complied with a Court
308      order to deliver such child to a biological father which had a past
309      history as a sex offender and such child was removed;

310      c. In Re child of Justin Banta whose child was coerced into telling
311      untruths about her father, later recanted, but was still the
312      subjected of removal;

313      d. Plaintiff could go on and on.

## FOURTEENTH AMENDMENT – LEGAL STANDARD

### Due Process Clause

316  51. Section One of the Fourteenth Amendment to the United States Constitution
317    provides:

318    [N]or shall any State deprive any person of life, liberty, or property,
319    without due process of law.

320  52.    In the past thirty-five years, the case law reads and is authority that:

321      a. It is well settled that parents have a substantive due process right
322      to the custody of their children and, except in emergency
323      circumstances, a procedural due process right to a pre-
324      deprivation child custody hearing.

325      b. The Fourteenth Amendment imposes a requirement that except
326      in emergency circumstances, judicial process must be accorded

327      both parent and child before removal of the child from his or her

328      parent's custody may be effected.

329      c. "[A] parent may . . . bring suit under a theory of violation of his

330      or her right to substantive due process . . .. Parents have a

331      'substantive right under the Due Process Clause to remain

332      together [with their children] without the coercive interference of

333      the awesome power of the state.'") (quoting *Tenenbaum v.*

334      *Williams*, 193 F.3d 581, 600 (2d Cir. 1999) (second alteration in

335      original)); *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267,

336      275 (2d Cir. 2011); and

337      d. "The interest of natural parents 'in the care, custody, and

338      management of their child' is a 'fundamental   liberty interest

339      protected by the Fourteenth Amendment.'" (quoting *Santosky v.*

340      *Kramer*, 455 U.S. 745, 483 753 (1982)).

341   53.   In stating a claim of a violation of procedural due process, Plaintiff

342   alleges:

343      (1) the existence of a property or liberty interest that was deprived (the liberty

344   and property that was lost by an unlawful removal) and   (2) deprivation of that

345   interest without due process as a result of witness tampering, obstruction of justice,

346   extortion, and a civil conspiracy to cover it up (the lack of any non-tarnished fact

347   finding hearing since the inception of this matter).

348   54.    In stating a claim of a violation of substantive due process, Plaintiff alleges

349   that: (1) she had a valid property or liberty interest (the biological mother of the

350   wrongly removed TP, HP, and KP), and (2) that interest was infringed upon in an

351   arbitrary or irrational manner (the arbitrary allegation of "neglect") contrary to the

352   legal standard of neglect defined as:

353            Any recent act or failure to act on the part of a parent or caretaker
354            which results in death, serious physical or emotional harm, sexual
355            abuse or exploitation"; or

356            An act or failure to act which presents an imminent risk of serious
357            harm."

358   (see 42 U.S.C.A. § 5106g).

359

360   55.    Further, Plaintiff maintains that, quoting *Tenenbaum*, that the removal, under

361   unlawful circumstances (wrong standard and no Court order), of TP, HP, and KP

362   "was 'so shocking, arbitrary, and egregious that the Due Process Clause would

363   not countenance it even where it accompanied by full procedural protection.'"

364   *Cox v. Warwick Valley Cent. Sch. Distr.*, 654 F.3d 267, 275 (2d Cir. 2011)

365   (quoting *Tenenbaum*, 193 F.3d at 600):

366            a. So shocking in that the Gutierrez Detention report proceeded

367               under an unlawful standard (see *Santorsky v. Kramer* 455 (1982)

368           that requires the clear and convincing standard as opposed to the

369           preponderance of evidence standard);

370     b. So arbitrary according to the definition of "unsanitary

371           conditions" in *Matter of Jennifer B.,* 163 AD2d 910, 558 NYS2d

372           429 (4th Dept. 1990), *Matter of Pedro F.,* 622 NYS 2d 518 (1st

373           Dept. 1995), *Matter of Billy Jean II* 640 NYS2d 326 (3rd Dept.

374           1996) that state, in part, maggot infested couch, spoiled food on

375           the floor, urine soaked sheets, children had head lice for over 2

376           months, home was littered inches deep with garbage and rotten

377           moldy food; and the legal standard of neglect in 42 U.S.C.§

378           5106g.

379     c. So egregious in the glaring, flagrant actions of Federal

380           defendants, where proceeding under the preponderance of

381           evidence standard, Haight had no subject matter jurisdiction at

382           all.

383 56.    As a result, by a. to c. above, Plaintiff has suffered the shock of her conscience

384       that persists to this day.

385 **Equal Protection Clause**

386 57. The Equal Protection Clause is a clause at the end of Section One of the

387       Fourteenth Amendment to the United States Constitution and provides:

388   No State shall make or enforce any law which shall abridge the privileges or
389   immunities of citizens of the United States; nor shall any State deprive any
390   person of life, liberty, or property, without due process of law; nor deny to
391   any person within its jurisdiction the equal protection of the laws
392

393   58.  When Federal defendant Case questions then 12 year old HP whether he can hear

394   his mother having sex with men, Case violates the Equal Protection Clause;

395   59. When Federal defendant Haight puts on the record that "there have been many

396   men," she violates the Equal Protect Clause; and

397   60. When Haight has the audacity to order paternity testing for TP, HP, and KP to

398   determine who the real father is, she violated the Equal Protection Clause.

399   61. The Federal defendants Williams, Carey, Case, and Haight violations were so

400   shocking, arbitrary, and egregious that it led to the suicidal tendencies of 12-year-

401   old HP in October 2017 attached herein as Exhibit "C".

402   62. As previously reported, Plaintiff was singled out and discriminated against for

403   the reason that Plaintiff is a physically attractive, blonde Respondent, the CEO

404   of a vast real estate empire looked upon with envy by her adversaries, and the

405   Federal defendants treated Plaintiff differently than others who were similarly

406   situated (see *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985);

407   *Hart v. Westchester Cnty. Dep't of Soc. Servs.*, 160 F. Supp. 2d 570, 578

408   (S.D.N.Y. 2001), and *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995).

409   **18 U.S.C. 1961, et seq. – LEGAL STANDARD**

410

411   63.   Plaintiff alleges that according to 18 U.S.C. 1961, et seq. (the "RICO

412         Statute"), and shows by a preponderance of the evidence, that there exists a

413         racketeering Enterprise in the County of Contra Costa, California that consists

414         of: County of Contra Costa, DFCS, Superior Court of California County of

415         Contra Costa, Family Court Judges, Preferred Attorneys in Family Court, the

416         County Attorney's Office, and Attorneys for Children. Plaintiff alleges and

417         shows with a preponderance of the evidence that caseworkers, judges, and

418         lawyers conspire and collaborate to concoct fictitious instances of child neglect

419         contrary to the legal standard for profit.

420   64. Traditional RICO Statute predicate acts are contained herein and include: (i)

421         witness tampering; (ii) obstruction of justice; (iii) extortion; and (iv), a civil

422         conspiracy to cover up witness tampering and obstruction of justice. These

423         predicate acts are pled with specificity in the instant action.

424   65. The RICO Statute contains a provision that allows for the commencement of

425         a civil action by a private party to recover damages sustained as a result of the

426         commission of a RICO predicate offense(s). The RICO Statute also permits  a

427         private individual "damaged in his business or property" by a "racketeer" to file

428         a civil suit. The plaintiff must prove the existence of an "enterprise", and Plaintiff

429         proves with a preponderance of the evidence of the existence of such an

430    enterprise among the County of Contra Costa, DFCS, Superior    Court    of
431    California County of Contra Costa, Court Judges, Preferred Attorneys in Family
432    Court, the County Attorney's Office, and Attorneys for Children. As pled
433    elsewhere in the instant action, the connections among these parties proves the
434    existence of an "enterprise."

435    66. Plaintiff shows with specificity at least one of four specified relationships
436    between the defendant(s) and the Enterprise: either the defendant(s) invested the
437    proceeds of the pattern of racketeering activity into the Enterprise (18 U.S.C. §
438    1962(a)); or the defendant(s) acquired or maintained an interest in, or control of,
439    the Enterprise through the pattern of racketeering activity (subsection (b)); or the
440    defendant(s) conducted or participated in the affairs of the Enterprise "through"
441    the pattern of racketeering activity (subsection (c)); or the defendant(s) conspired
442    to do one of the above (subsection (d)). The Enterprise is either the 'prize,'
443    'instrument, 'victim,' or 'perpetrator' of the racketeers. A Civil RICO action can
444    be filed in Federal court.

445    67. The civil component allows the recovery of treble damages (damages in triple the
446    amount of actual/compensatory damages) and by Count Four and Judgment
447    Requested, Plaintiff demands treble damages in the amount of Seven Hundred
448    and Fifty Million Dollars ($750,000,000).

449    **Predicate Act: Witness Tampering**

450   68. 18 U.S. Code § 1512 (b) provides:

451   Witness tampering is the act of attempting to alter or prevent the testimony of
452   witnesses within criminal or civil proceedings. Laws regarding witness
453   tampering also apply to proceedings before Congress, executive departments, and
454   administrative agencies. To be charged with witness tampering in the United
455   States, the attempt to alter or prevent testimony is sufficient. There is no
456   requirement that the intended obstruction of justice be completed.

457
458   69. When Federal defendant Bains coached TP to tell untruths about Plaintiff and

459   that she hit HP, Bains tampers with a witness.

460   70. HP reported that the Enterprise coached him to say bad things about Plaintiff

461   under threats of escalated care – commonly known as Juvenile Hall.

462   71. Federal defendant Case recanted when testifying that HP was hit from "not that

463   I recall" to "Yes, he did" under the watchful eye of Federal defendant Haight.

464   72. Federal defendant Bains coached TP to report that the Plaintiff hit HP, wrongly

465   blaming Plaintiff for striking the child when in fact it was the nanny, Steffi

466   Guggenbichler, who hit HP; Guggenbichler concealed this to Plaintiff.

467   73. An unidentified member of the Enterprise, coached KP to say she was hit with a

468   whip, only KP said in testimony said "what whip," or words to that effect.

469   74. Whoever knowingly uses intimidation, threatens, or corruptly persuades another

470   person, or attempts to do so, or engages in misleading conduct toward another

471   person, with intent to (1) influence, delay, or prevent the testimony of any person

472   in an official proceeding…;

473   75.   18 U.S. Code § 1512 (c) (2) provides:

474           Whoever corruptly-otherwise obstructs, influences, or impedes any
475           official proceeding, or attempts to do so…

476   76.   18 U.S. Code § 1512 (e) provides:

477           In a prosecution for an offense under this section, it is an affirmative
478           defense, as to which the defendant has the burden of proof by a
479           preponderance of the evidence, that the conduct consisted solely of
480           lawful conduct and that the defendant's sole intention was to encourage,
481           induce, or cause the other person to testify truthfully.

482   77.   18 U.S.C. § 1515 (3) provides:

483           the term "misleading conduct" means-knowingly making a false
484           statement;    (A)    knowingly    making    a    false    statement
485           (B) intentionally omitting information from a statement and thereby
486           causing a portion of such statement to be misleading, or intentionally
487           concealing a material fact, and thereby creating a false impression by
488           such statement…(E) knowingly using a trick, scheme, or device with
489           intent to mislead;

490   78.   18 U.S.C. § 1515 (b) provides:

491           (b) As used in §1505, the term "corruptly" means acting with an
492           improper purpose, personally or by influencing another, including
493           making a false or misleading statement, or withholding, concealing,
494           altering, or destroying a document or other information

495   **Discussion**

496   79.   The facts of the instant action make it abundantly clear that Federal defendants

497   Haight, Case, and Lawrence knowingly, corruptly persuaded TP, HP and KP and

498   attempted to do so, to engage in false statements that persuaded TP, HP, and KP

499   with the intent to (1) influence, delay, or prevent the testimony of witnesses to

500   aid in the defense of Plaintiff in an official proceeding.  Federal   defendant's

Haight, Case, and Lawrence committed witness tampering under 18 U.S.C. §1512.

80.   Federal defendants Haight, Case, and Lawrence simply asked TP, HP, and KP to tell less than the whole truth and TP, HP, and KP knew that they were being asked to tell less than the whole truth, therefore Federal defendants Haight, Case, and Lawrence corruptly persuaded the witness and is a violation of the laws, *res ipsa loquitur*, and has harmed Plaintiff and the injury was caused by the violation of 18 U.S.C. §§ 1961, *et seq.*

**Predicate Act: Obstruction of Justice**

81.   In the Jurisdictional trial, all Federal defendants in this action, especially each of Haight, Case, and Carey began the conspiratorial act of obstructing justice by coaching TP, HP, and KP.

82. Federal defendant Gutierrez filed a fictitious, malicious detention report, without evidence, and based on the incorrect standard of the preponderance of the evidence as opposed to the standard of clear and convincing required by the U.S. Supreme Court.

83. Federal defendant Haight obstructed justice, and in violation of Sixth Amendment when she denied Plaintiff the right to seek the counsel of her choice

520     that allowed the Federal defendant(s) to invested the proceeds of the pattern of

521     racketeering activity into and fund the Enterprise (see 18 U.S.C. §1962(a)).

522  84. In fact, by implication in the instant action, the Federal defendants meet all four

523     of the specified relationships of par. 61: they funded the Enterprise; the Federal

524     defendants acquired and maintained an interest in the Enterprise through the

525     pattern of racketeering activity; the Federal defendants conducted or participated

526     in the affairs of the Enterprise through the pattern of racketeering activity; and

527     conspired to do one of the aformentioned, *res ipsa loquitur*.

528  85. Plaintiff was removed from the courtroom during the direct examination of HP

529     and KP. Federal defendant Haight refused to allow the cross examination of KP

530     and threatened Plaintiff; Federal defendant Carey corroborated the position of

531     Haight.

532  86. 18 U.S. Code § 1503 provides:

533          Whoever corruptly...endeavors to influence, obstructs, or impedes, or
534          endeavors to influence, obstruct, or impede, the due administration of justice.
535

536  87. Federal defendant Williams, on numerous occasions, committed perjury

537     under oath that cast an unwarranted negative light upon Plaintiff, thereby

538     usurping the power of the courts, and resulted in obstruction of justice.

539  88. On May 23, 2019, Federal defendant Maddock denied Plaintiff's request for

540     transcripts that would have implicated him in a violation of the First Amendment.

**Discussion**

89. 18 U.S.C. §1515 states:

> …the term "corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement, or withholding, concealing, altering, or destroying a document or other information.

90. Plaintiff states, by the facts of the instant action make it abundantly clear that Federal defendants Haight, Carey, and Lawrence coached HP, at all times relevant thereto, a 12 year old, to untruthfully testify about Plaintiff's sex life that did corruptly endeavor to influence, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice. In doing so, Federal defendants Haight, Case, Carey, and Lawrence committed obstruction of justice under Section 1503.

91. Federal defendants Haight, Carey, and Lawrence simply asked HP to tell less than the whole truth and HP knew that he was being asked to tell less than the whole truth, therefore Federal defendants Haight, Case, Carey, and Lawrence corruptly influenced, obstructed, impeded, and endeavored to influence, obstruct, or impede, the due administration of justice and is a violation of the statute, *res ipsa loquitur*, and has harmed Plaintiff and the injury was caused by the violation of 18 U.S.C.A. §§ 1961 .

**Predicate Act: Extortion**

562  92.  On or about March 2018, Federal defendant Case lays claims to $700,000 in

563  courts costs payable by Plaintiff who believe such costs have risen to between $1

564  million to $2 million. Federal defendant Case made it perfectly clear that either

565  Plaintiff would pay the court costs or risk never seeing Plaintiff's kids again.

566  93. Unfortunately, under California law, court costs are limited to reimbursing the

567  State for the cost of a court appointed attorney; As Plaintiff never used a court

568  appointed attorney, purported $700,000 in costs allowed the Enterprise to invest

569  such sums in the proceeds of the pattern of racketeering activity into and fund the

570  Enterprise (see 18 U.S.C. § 1962(a)).

571  94.  Extortion is defined as the obtaining of property from another with his or her

572  consent, by the wrongful use of either force or fear, or under color of official

573  right. The property or right to property must be obtained. This can be either the

574  property itself or the right to it.

575  95.  Property rights that can be transferred to constitute extortion.

576      a.  The right to prosecute a lawsuit or an appeal;

577      b.  Obtaining an official act of a public officer can be the basis of

578          extortion.

579  96.  If a person makes an extortionate demand in writing he/she may guilty even

580  if the victim parts with no property.

581   97.      Any person who, by use of improper threat, another person's signature on any

582         document gets giving a property right may be charged with extortion  even if the

583         property right is never actually obtained.

584         **Discussion**

585

586   98.      Plaintiff alleges that the Enterprise is in possession of property of the Plaintiff

587         purported court costs of at least $700,000 or she will never see her children, HP

588         and KP again.

589   99. Federal defendant Case induces Plaintiff to provide that property under color of

590         official right; Plaintiff has not paid it yet.

591   100.     Where Plaintiff sees that there has been no progress toward reunification, the

592         implication is that Federal defendants will seek further legal intervention against

593         Plaintiff (termination of parental rights) and directing HP and KP to out of state

594         adoption should Plaintiff not acceded to her demands.

595   **Predicate Act: Conspiracy to Cover-up Witness Tampering and Obstruction of**

596   **Justice**

597

598   101.     42 U.S.C. § 1985 provides:

599         If two or more persons in any State or Territory conspire to deter, by force,
600         intimidation, or threat, any party or witness … from attending such court, or
601         from testifying to any matter pending therein, freely, fully, and truthfully, or
602         to … to influence the verdict, presentment, or indictment of any grand or petit

603  juror in any such court, or to injure such juror in his person or property on
604  account of any verdict, presentment, or indictment lawfully assented to by
605  him, or of his being or having been such juror; or if two or more persons
606  conspire for the purpose of impeding, hindering, obstructing, or defeating, in
607  any manner, the due course of justice in any State or Territory, with intent to
608  deny to any citizen the equal protection of the laws, or to injure him or his
609  property for lawfully enforcing, or attempting to enforce, the right of any
610  person, or class of persons, to the equal protection of the laws.

611  **Discussion**

612  102.  It will be established during Discovery that the Federal defendants,

613  *inter alia*, Haight, Carey, Lawrence, and Williams persuaded TP, HP, and KP to

614  make statements of false fact in certified transcripts that do not lie.

615  103.  In doing so, Haight inspired and provided a mechanism to the Federal

616  defendants to create a conspiracy to cover up witness tampering and obstruction

617  of justice in her trial proceedings; Haight violated Plaintiff's Sixth Amendment

618  right to face her accusers.

619  **FEDERAL DEFENDANTS LOIS HAIGHT, KELLIE CASE, EDYTH**
620  **WILLIAMS, GUTIERREZ, AND THOMAS MADDOCK ARE NOT**
621  **ENTITLED TO QUALIFIED IMMUNITY**

622

623  104.  The United States Supreme Court has stated that qualified immunity is the

624  norm, absolute immunity is the exception (*Harlow v. Fitzgerald*, 457 U.S. 750

625  800, 807, 810-11 (1982).

626  105.  In Balcerzak, Stephanie E. "Qualified Immunity for Government Officials:

627  The Problem of Unconstitutional Purpose in Civil Rights Litigation. 95, No. 1

628  (Nov. 1985) pp. 126-147. The Yale Law Journal, the author stated:

629  In Harlow, the Supreme Court fundamentally altered the qualified
630  immunity defense available to an official charged with a constitutional
631  violation in a civil rights action for damages. Under Harlow, an official is
632  entitled to immunity unless his conduct violates a "clearly established"
633  constitutional right.

634  106.  All constitutional rights are expressly stipulated and written in the U.S.

635  Constitution, which is the supreme law of the land, meaning that any other laws

636  which are in contradiction with it are considered unconstitutional and thus

637  regarded as invalid.

638  107.  The Fourteenth Amendment to the U.S. Constitution provides:

639  [N]or shall any State deprive any person of life, liberty, or property,
640  without due process of law.
641  108.  Then, while not a constitutional right, but important nonetheless, there is:

642  42 U.S.C. §1983 which provides in pertinent part:

643

644  Every person who, under color of any statute, ordinance, regulation, custom
645  or usage, of any State or Territory or the District of Columbia, subjects, or
646  causes to be subjected, any citizen of the United States or other person within
647  the jurisdiction thereof to the deprivation of any rights, privileges, or
648  immunities secured by the Constitution and laws, shall be liable to the party
649  injured in an action at law, suit in equity, or other proper proceeding for
650  redress.

651

652  109.  In *Mirales v. Wako* 502 U.S. 9 (1991), the U.S. Supreme Court stated "...our
653       cases make clear that the immunity is overcome in only two sets of
654       circumstances.  First, a judge is not  immune  from liability for nonjudicial
655       actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White*,
656       484 U.S., at 227 -229; *Stump v. Sparkman*, 435 U.S., at 360 [502 U.S. 9, 12]
657       Second, a judge is not immune for actions, though judicial in nature, taken in the
658       complete absence of all jurisdiction. Id., at 356-357; *Bradley v. Fisher*, 13 Wall.,
659       at 351."

660  110.  Respectfully, no matter what qualified immunity defense that Federal
661       defendants Haight, Case, Williams, Guitarrez, and Maddock try to employ there
662       is no getting around the Fourteenth Amendment, *Harlow*, §1983, and *Mirales*.

663  111.  No matter what road block the State of California tries to erect in Social
664       Services Laws to protect its social workers, the Fourteenth Amendment, *Harlow*,
665       and §1983 remains to subject every person to its provisions, Supremacy Clause,
666       Article Six, Clause 2 of the U.S. Constitution that establishes the U.S.
667       Constitution, trumps the State laws.

668       **FEDERAL DEFENDANT PATRICIA LOWE IS NOT ENTITLED TO**
669       **QUALIFIED IMMUNITY OR ABSOLUTE PROSECUTORIAL**
670       **IMMUNITY.**

671  112.  The U.S. Supreme Court has carved out one limited exception to absolute
672       immunity:

673   113.   When prosecutors act as investigators they lose their absolute immunity, at

674         which point they are only protected by the doctrine of qualified immunity.

675   114.   In *Buckley v. Fitzsimmons* (91-7849), 509 U.S. 259 (1993), the prosecutor

676         accused of manufacturing evidence while aiding with the police investigation was

677         not the same prosecutor who tried the case. The 7th Circuit ruled that the actual

678         injury incurred by the defendant as a result of the misconduct occurred at trial,

679         not during the investigation.

680   115.   The U.S. Supreme Court took the case on appeal. The court ruled that

681         prosecutor was only entitled to qualified immunity and that his actions were

682         egregious enough that qualified immunity could not protect him.

683   116.   In *Pottawattamie Cnty. v. McGhee*, 558 U.S. 1103, 130 S. Ct. 1047, 175 L.

684         653 Ed. 2d 641 (2010) [2010 BL 5858] prosecutors were accused of

685         manufacturing evidence – Federal defendant Lowe attempted to manufacture

686         evidence in her July 31, 2018 email to the "preferred" lawyers to join her in her

687         quest to change diagnosis attached herein as Exhibit "D;" in the spirit of witness

688         tampering and obstruction of justice, the attempt even if unsuccessful triggers the

689         violation; Lowe went so far as to call then subpoena Plaintiff's therapists. The

690         attorneys for the prosecutors argued that the actual harm done to a defendant by

691         misconduct committed during an investigation only attaches when that evidence

692         is introduced against him at trial.

693    117.   In *Fields v. Wharrie*, the recent decision from the 7th Circuit, Fields

694           discovered that prosecutors had knowingly coerced witnesses into giving false

695           testimony. Writing for the majority, Judge Richard Posner makes it clear that

696           *Buckley* was a special circumstance in which one prosecutor replaced another

697           before trial, and that it should not be used to close the investigation exception to

698           absolute immunity.

699    118.   When Federal defendant Lowe intercepted Plaintiff's psychological tests

700           without her authorization, communicated with Plaintiff's evaluators in an effort

701           to persuade them to change their opinions, she acted as an investigator but when

702           Federal Defendant Lowe went to judicial lengths - subpoena, it attaches.

703    119.   Federal defendant Lowe violated clearly established law of which a

704           reasonable prosecutor should have known in *Buckley*.

705    120.   Respectfully, no matter what absolute or qualified immunity defense Federal

706           defendant Lowe tries to employ there is no getting around the *Buckley*,

707           *Pottawattamie Cnty*, and *Fields*.

708                                    **CONCLUSION**

709    121.   As opposed to burdening the District Court by submitting 100 pages of

710           attachments, Plaintiff will supply all that and more in Discovery. Therefore, there

711           are no conclusory statement in the instant action, *res ipsa loquitur*.

712                                    **COUNT ONE**

## VIOLATION OF FIRST AMENDMENT

### (Federal Defendant Thomas Maddock)

122.    Plaintiff repeats and realleges each and every allegation contained in paragraph "16" through "121," as though fully set forth herein.

123.    As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer irreparable injury and monetary damages, and that Plaintiff  is entitled to damages sustained to date and continuing in excess of the amount of **FIFTY MILLION DOLLARS** ($50,000,000) as well as punitive damages, costs, and attorney's fees.

## COUNT TWO

### VIOLATION OF 42 U.S.C 1983

(Federal Defendants County of Contra Costa, Lois Haight, Kellie Case, Edith Williams, Gutierrez, Patricia Lowe, and Thomas Maddock)

124.        Plaintiff repeats and realleges each and every allegation contained in paragraph "16" through "121" as though fully set forth herein.

125.    As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **ONE HUNDRED**

734   **AND FIFTY MILLION DOLLARS** ($150,000,000) as well as punitive

735   damages, costs, and attorney's fees.

736                           **COUNT THREE**

737                 **VIOLATION OF FOURTEENTH AMENDMENT**

738         (Federal Defendants County of Contra Costa, Lois Haight, Mary Carey,
739   Kellie Case, Edith Williams, Gutierrez, Erica Bains, Patricia Lowe, and Thomas
740   Maddock)

741   126.        Plaintiff repeats and realleges each and every allegation contained in

742   paragraph "16" through "121" as though fully set forth herein.

743   127.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to

744   suffer injury and monetary damages, and that Plaintiff is entitled to damages

745   sustained to date and continuing in excess of the amount of **TWO HUNDRED**

746   **AND FIFTY MILLION** ($250,000,000) as well as punitive damages, costs, and

747   attorney fees.

748                           **COUNT FOUR**

749                 **VIOLATION OF 18 U.S.C 1961, et seq,**

750   (Federal Defendants County of Contra Costa, Lois Haight, Mary P. Carey,     Judith
751   Lawrence, Kellie Case, Edyth Williams, Gutierrez, Erica Bains, Patricia Lowe, and
752                           Thomas Maddock)

753   128.        Plaintiff repeats and realleges each and every allegation contained in

754   paragraph "16" through "121" as though fully set forth herein

755   129.   As a result of the Defendants' acts, Plaintiff now suffers and will continue to

756  suffer injury and monetary damages, and that Plaintiff is entitled to damages

757  sustained to date and continuing in excess of the amount of **TWO HUNDRED**

758  **AND FIFTY MILLION** ($250,000,000) as well as treble damages, punitive

759  damages, costs, and attorney fees.

760  **WHEREFORE**, a judgment is respectfully demanded:

761      a. Awarding against the individually named Federal defendant such

762         compensatory damages as the jury may impose, but not less than **SIX**

763         **HUNDRED AND FIFTY MILLION DOLLARS** ($650,000,000);

764      b. Awarding against the individually named Federal defendant such

765         punitive damages as the jury may determine, but not less than such

766         punitive damages as the jury may impose, but not less than **SIX**

767         **HUNDRED AND FIFTY MILLION DOLLARS** ($650,000,000);

768      c. Permanently enjoining the Federal defendants County of Contra Costa,

769         Lois Haight, Kellie Case, Edyth Williams, Gutierrez, Eric Bains,

770         Patricia Lowe, and Thomas Maddock from further violation of the First

771         Amendment, violation of 42 U.S.C. §1983, violation of the Fourteenth

772         Amendment, and violation of 18 U.S. C. 1961, et seq.,

773      d. Awarding reasonable attorney's fees and costs; and,

774      e.  Granting such other and further relief as this Court deems just and

775         proper.

776 **JURY TRIAL IS DEMANDED**

777 Plaintiff demands a trial by jury on all claims so triable.

778 Dated: July 24, 2019

779 Orinda, Cal.

780 For Plaintiff:

781

782

783

784 Andrea Wood

785

786

787

788

789

790

791

792

793

794

795

796

797

798

799

800

801

802

803

804

805

806

807

808

809

810

811

812

813

814                              **EXHIBIT "A"**

815

816

817

818

819

820

821

822

823

824

825

826

827

828

829

830

831

832

833

834

835

836

837

838                                    **EXHIBIT "B"**

839

840

841

842

843

844

845

846

847

848

849

850

851
852
853
854
855
856
857
858
859
860
861
862
863                                             **EXHIBIT "C"**
864
865
866
867
868
869
870
871
872
873
874
875

876
877
878
879
880
881
882
883
884
885
886
887     **EXHIBIT "D"**
888