IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA C. WOOD,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>    Defendants. | Case No. 19-cv-04266-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 13 |

The Court is in receipt of a "Motion for Order for a Preliminary Injunction," filed August 23, 2019, by plaintiff Andrea C. Wood, who proceeds pro se. Having read and considered the motion, the Court rules as follows.[1]

In her Amended Complaint ("AC"), plaintiff alleges the named defendants, including Judge Lois Haight ("Judge Haight") of the Superior Court of California, in and for the County of Contra Costa (see AC ¶ 7), deprived plaintiff of her federal constitutional rights in connection with "DFCS proceedings" conducted in state court (see AC ¶ 16). By the instant motion, plaintiff seeks an order "void[ing] the March 5, 2018 and August 14, 2018 determinations of [Judge] Haight" (see Pl.'s Mot. at 4),[2] on the asserted basis plaintiff was denied "procedural due process" and other federal rights in the course of the state court proceedings (see, e.g., id. at 8-9).

As set forth below, the motion will be denied.

---

[1] To date, none of the defendants has appeared.

[2] Although the AC contains no specific reference to any determinations made on March 5, 2018, or on August 14, 2018, the Court understands said orders to have been issued in the course of the state court proceedings referenced in the AC.

First, a district court "lacks authority" to grant a preliminary injunction where such requested order would not "grant relief of the same character as that which may be finally granted." See Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015). Here, in the AC, plaintiff states she does not seek an order "overturning" any orders issued by the state court. (See AC ¶ 16.) In other words, plaintiff does not seek a judgment that would void any of Judge Haight's orders. Under such circumstances, the requested preliminary injunction seeks relief of a character that plaintiff herself has disavowed, and, consequently, the motion fails for that reason. See Pacific Radiation Oncology, 810 F.3d at 636.

Moreover, even if plaintiff had requested in her AC the relief she seeks in her motion for a preliminary injunction, said motion still would fail, as such relief, in light of the "Rooker–Feldman doctrine," cannot be sought in federal district court. See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). In particular, as discussed in both Rooker and Feldman, federal authority to review state court judgments is vested exclusively in the United States Supreme Court. See Exxon Mobil Corp., 544 U.S. at 291–92; see also 28 U.S.C. § 1257. In both Rooker and in Feldman, the losing party in a state court case filed suit in federal court, complaining of injury caused by an erroneous state court judgment and seeking review of that judgment, see id. at 291, and, in each instance, the Supreme Court held the district court lacked jurisdiction to consider those claims, see id. at 291–92. Here, as in Rooker and Feldman, plaintiff seeks relief from state court orders on the ground those orders were erroneously entered by the state court. Consequently, this Court likewise lacks jurisdiction to consider such claims.

Accordingly, plaintiff's motion for a preliminary injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: August 28, 2019

MAXINE M. CHESNEY
United States District Judge

2