IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-04266-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 19 |

By order filed August 28, 2019, the Court denied plaintiff's motion for a preliminary injunction, whereby plaintiff had asserted that two state court orders were void, and, consequently, that an injunction should issue precluding their enforcement. The Court denied the motion for two reasons. First, the Court found it lacked authority to grant the requested preliminary injunction, as plaintiff was seeking preliminary relief not "'of the same character as that which may be finally granted'" (see Order, filed August 28, 2019, at 2:1-9) (quoting Pacific Radiation Oncology, LLC v. Queen's Medical Center, 810 F.3d 631, 636 (9th Cir. 2015)), given plaintiff's express statement, in the operative complaint, that she does not seek an order "'overturning'" any state court order (see Order at 2:4-6) (quoting Amended Complaint ¶ 16)). Second, the Court found it lacked subject matter jurisdiction to grant the requested preliminary injunction, as, under the "'Rooker-Feldman doctrine,'" a federal district court lacks jurisdiction to review state court judgments. (See Order at 2:10-24) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283, 291-292 (2005).)

The Court is now in receipt of a document titled "Reconsideration," filed by plaintiff on August 29, 2019, which document the Court construes as a motion for leave to file a

1  motion for reconsideration.  See Civil L.R. 7-9 (providing party seeking reconsideration of

2  order entered before entry of final judgment must first seek leave to file motion for

3  reconsideration).  So construed, the motion will be denied.

4  First, plaintiff fails to identify any cognizable basis for reconsideration.  See Civil

5  L.R. 7-9(b) (setting forth showing party must make to obtain leave to file motion for

6  reconsideration).  Next, even if such basis existed, the sole argument made by plaintiff on

7  the merits pertains to the Rooker-Feldman doctrine, the second reason cited in the

8  Court's order; plaintiff makes no argument as to why the first reason cited does not

9  preclude the injunctive relief she seeks.  Moreover, in asserting the requested injunction

10 is not barred under the Rooker-Feldman doctrine, plaintiff relies exclusively on Rhoades

11 v. Penfold, 694 F.2d 1043 (5th Cir. 1983), which, in turn, relied on an earlier case,

12 Gresham Park Community Organization v. Howell, 652 F.2d 1227, 1236 (5th Cir. 1981),

13 wherein the Fifth Circuit had held a federal district court has jurisdiction to entertain a

14 request for "an injunction enjoining enforcement of a state court judgment," see Rhoades,

15 694 F.2d at 1047 (citing Gresham Park, 652 F.2d at 1235-1236); Gresham Park,

16 however, was issued prior to Feldman, and consequently, is no longer good law, see

17 Wood v. Orange County, 715 F.2d 1543, 1546 (11th Cir. 1983) (acknowledging holding in

18 Gresham Park was "shortlived," as it is inconsistent with "Supreme Court's intervening

19 decision in [Feldman]").

20 Accordingly, plaintiff's motion for leave to file a motion for reconsideration is

21 hereby DENIED.

22 **IT IS SO ORDERED.**

24 Dated: September 4, 2019

MAXINE M. CHESNEY
United States District Judge