United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD,<br>　　　　Plaintiff,<br>　　v.<br>COUNTY OF CONTRA COSTA, et al.,<br>　　　　Defendants. | Case No. 19-cv-04266-MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ERICA BAINS** |

The Court is in receipt of a document titled "Default Judgment – By the Court," filed September 17, 2019, by plaintiff Andrea Wood ("Wood"). In said filing, Wood seeks entry of default judgment against defendant Erica Bains ("Bains"). Having read and considered Wood's request, the Court rules as follows.

Bains was served with a copy of the summons and complaint on August 17, 2019 (see Doc. No. 12), and, consequently, her response to the complaint was due no later than Monday, September 9, 2019. See Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 6(a)(1). On September 17, 2019, at 3:41 p.m., Bains electronically filed a motion to dismiss (see Doc. No. 34); that same date, Wood manually filed her request for default judgment, by delivering it to the Clerk of Court; the time at which she did so is not specified on the docket (see Doc. No. 36). As set forth below, irrespective of the chronological order in which the above two documents were filed, the Court finds entry of default judgment is not appropriate.

First, if Wood manually filed her request after 3:41 p.m., i.e., after Bain's motion to dismiss was filed, Bains would have already "cured [her] default," a factor weighing strongly against entry of default judgment. See Hudson v. North Carolina, 158 F.R.D. 78,

80 (E.D. N.C. 1994) (denying motion for default judgment, where motion to dismiss, albeit untimely, was filed by defendant prior to plaintiff's filing motion for default judgment).

Second, even if Wood manually filed her request prior to 3:41 p.m., the circumstances presented here do not warrant entry of default judgment. "[J]udgment by default is a drastic step appropriate only in extreme circumstances." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). Bains filed her motion to dismiss only eight days after the deadline to respond, and Wood has not identified any prejudice she incurred by reason of such limited delay. See Mitchell v. Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002) (affirming denial of motion for default judgment; finding no "exceptional circumstances" to warrant default judgment existed where defendant had filed motion to dismiss "a short time after the deadline" and plaintiff failed to show any prejudice thereby).

Accordingly, Wood's request for entry of default judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: October 4, 2019

MAXINE M. CHESNEY
United States District Judge