IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA WOOD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF CONTRA COSTA, et al.,<br><br>Defendants. | Case No. 19-cv-04266-MMC<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' REQUESTS THAT PLAINTIFF BE DECLARED A VEXATIOUS LITIGANT** |

By order filed October 8, 2019, the Court granted four separate motions to dismiss plaintiff Andrea Wood's ("Wood") Amended Complaint, and, in so doing, dismissed the above-titled action without further leave to amend. Two of the motions to dismiss, specifically the motions filed by Mary Carey ("Carey") and the County Defendants,[1] include a request that the Court declare plaintiff Wood a vexatious litigant and impose pre-filing restrictions as to future civil actions she may file. In her oppositions to those two motions, Wood has responded to said additional requests, and defendants have replied thereto. Having fully considered the matter, the Court rules as follows.

**LEGAL STANDARD**

Before a district court may issue an order finding a litigant to be vexatious and imposing pre-filing restrictions, (1) "the litigant must be given notice and a chance to be heard," (2) "the district court must compile an adequate record for review," (3) "the district court must make substantive findings about the frivolous or harassing nature of the

---

[1] The County Defendants are the County of Contra Costa ("County"), Kellie Case, Edyth Williams, Cecelia Gutierrez, and Patricia Lowe.

plaintiff's litigation," and (4) "the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered." See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (internal quotations and citation omitted).

# DISCUSSION

## A. Notice

In the instant case, the motions to dismiss filed by Carey and the County Defendants provide ample notice to Wood of the civil actions and other conduct on which they base their respective requests that she be declared a vexatious litigant, and, as noted, Wood has responded to those requests. The Court next summarizes the civil actions on which defendants rely, specifically, five cases filed in this district and one case filed in state court.

## B. Summary of Wood's Civil Actions

Each of the cases on which defendants rely arises from a decision made by a state court judge assigned to child dependency proceedings instituted by the County, namely, the decision to remove three minor children from Wood's custody.

In Wood v. Carey, C19-00363, filed February 28, 2019 (hereinafter "Wood 1"), the one case filed in state court, and chronologically the first filed, Wood, appearing by counsel, asserted, against Carey and Carey's law firm, claims of professional negligence pertaining to decisions allegedly made by Carey in the course of representing Wood in the child dependency proceedings. On August 19, 2019, the state court judge assigned to Wood 1 dismissed the operative complaint "without prejudice as premature and without leave to amend." (See Carey's Req. for Judicial Notice, Exs. 2, 3.)[2]

While Wood I was pending in state court, Wood, now and henceforth appearing

---

[2] The Court grants Carey's request, unopposed by Wood, to take judicial notice of the operative complaint and order of dismissal filed in said state court action. See Rosales–Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) (holding courts "may take judicial notice of judicial proceedings in other courts"). Beyond the above-quoted language and the phrase "[u]pon oral argument and good cause appearing," however, the order of dismissal does not provide the basis for the state court's ruling.

2

pro se, filed the first of the five cases brought in this district, Wood v. County of Contra Costa, Civil Case No. 19-2678 JD, filed May 17, 2019 (hereinafter, "Wood 2"), in which action Wood, asserting claims under 42 U.S.C. § 1983, the First Amendment, the Fourteenth Amendment, and the Racketeer Influenced and Corrupt Organizations Act, alleged that an "enterprise," consisting of social workers employed by the County, a deputy county counsel, an attorney who represented Wood, an attorney who represented one of Wood's children, two California superior court judges, and one of Wood's neighbors, conspired to deprive Wood of the custody of her children. After motions to dismiss had been filed, and after said motions had been fully briefed but before the district judge assigned to the matter had made any ruling thereon, Wood voluntarily dismissed the case without prejudice. As the moving defendants correctly point out, the factual and legal claims asserted in Wood 2 are essentially indistinguishable from those alleged in the above-titled action, the sole substantive difference being the addition of Cecelia Gutierrez as a named defendant.

The second of the five cases brought in this district, Wood v. County of Contra Costa, Civil Case No. 19-3885 EJD, filed July 5, 2019, (hereinafter, "Wood 3"), is a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2243, based on the theory that two of Wood's children are unlawfully being held in custody, and brought against the County, a juvenile court judge, and three individuals whom Wood appears to assert presently have custody of her children. To date, no substantive rulings have been issued by the district court judge assigned to the case.

In Wood v. Chidi, Civil Case No. 19-4202, filed July 22, 2019 (hereinafter "Wood 4"), the third of the five cases brought in this district, Wood asserts, under § 1983 and the Fourteenth Amendment, claims against the County and two, or possibly three, social workers assigned to "HP," one of her children,[3] and primarily challenges decisions made

---

[3]Although, in the caption of the complaint, Wood names two social workers as defendants, later in the complaint she appears to seek relief against a third social worker as well.

3

1  by said social workers, e.g., a "fail[ure] to arrange visitations." (See Compl., Wood 4,
2  ¶ 21.) To date, no substantive rulings have been issued by the district court assigned to
3  the case.

4  Next, in Wood v. Williams, Civil Case No. 19-4247, filed July 24, 2019 (hereinafter,
5  "Wood 5"), the fourth of the five cases brought in this district, Wood asserts, under
6  § 1983, the Fourteenth Amendment, and state law, claims against the County and a
7  social worker assigned to "KP," another of Wood's children, and primarily challenges
8  decisions made by said social worker, e.g., the "fail[ure] to ensure KP was taken to
9  school." (See Compl., Wood 5, ¶ 20.) To date, no substantive rulings have been issued
10  by the district court judge assigned to the case.

11  The last of the five cases brought in this district is the above-titled action, which
12  was filed July 25, 2019 (hereinafter, "Wood 6"). As set forth in detail in the Court's order
13  granting defendants' motions to dismiss, each of Wood's claims is barred by both the
14  Rooker-Feldman doctrine and the Younger doctrine.

## C. Appropriateness of Pre-Filing Order

The Court next considers whether the Court has before it an adequate record upon which to determine Wood is a vexatious litigant, warranting imposition of a pre-filing order. Such determination would require a finding that the above-described "litigation is frivolous" or, as "an alternative to frivolousness," that such "filings show a pattern of harassment." See Ringgold-Lockhart, 761 F.3d 1057, 1064 (9th Cir. 2014) (internal quotation and citation omitted).

### 1. Frivolousness

"To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." Id. (internal quotation and citation omitted). "[T]he court must make a finding that the number of complaints was inordinate" and that the complaints were "patently without merit." Id. (internal quotation, citation, and alterations omitted). Here, as noted, the Court has found Wood 6 is barred in its entirety by both the Rooker-Feldman and

Younger doctrines, and, consequently, such action is wholly without merit. As further noted, Wood 2 is, in all material respects, indistinguishable from Wood 6, and, consequently, the Court further finds said action likewise is meritless.

As to the remaining four cases, the Court first notes "it would be inappropriate to characterize pending claims as frivolous except to the extent that they are similar to ones already characterized." See In re Powell, 851 F.2d 427, 431 (9th Cir. 1988). Here, although Wood 3, Wood 4 and Wood 5, the three pending actions, arise from the child dependency matter underlying Wood 2 and Wood 6, the claim in Wood 3 is for a writ of habeas corpus, a form of relief not available under the causes of action asserted in Wood 2 and Wood 6, and the claims in Wood 4 and Wood 5 are based on conduct allegedly occurring after the state court rulings challenged in Wood 2 and Wood 6. As to Wood 1, although the action also arises from the dependency proceedings and, unlike Wood 3, Wood 4, and Wood 5, is no longer pending, the claims therein were, as noted, dismissed without prejudice as premature and, like the claims in the three pending cases, are based on different grounds than the claims in Wood 2 and Wood 6.

Moreover, although Wood 2 and Wood 6 have been found meritless, "two cases is far fewer than what other courts have found 'inordinate,'" see Ringgold-Lockhart, 761 F.3d at 1064-65, and it would be "extremely unusual" to base a pre-filing order on a litigant's filing of two frivolous cases, particularly given "the alternative remedies available to district judges to control a litigant's behavior in individual cases." See id. at 1065.

Accordingly, at present, the record of Wood's cases does not support issuance of a pre-filing order.

**2. Pattern of Harassment**

"As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings show a pattern of harassment." Id. at 1064 (internal quotation and citation omitted). A court, however, should "not conclude that particular types of actions filed repetitiously are," for that reason alone, "harassing." See id. (internal quotation and citation omitted).

5

Here, although the background for each of Wood's cases may seem repetitious, the claims therein are, with the exception of Wood 2 and Wood 6, distinguishable. Consequently, without more, a vexatious litigant finding based thereon is unwarranted.

The County Defendants argue, however, a pattern of harassment is evidenced by a series of vituperative emails received by their counsel and certain County employees from P. Stephen Lamont ("Lamont"), an individual whom the County Defendants argue, and Wood does not dispute in her opposition, is "conducting the litigation in [Wood 6] and in [Wood's] other lawsuits" (see County Defs.' Mot. at 18:14-15),[4] and which emails include a statement by Lamont that he will "litigate [one defendant] into a 6 foot grave before [he is] done with [her], with or without the help of New York Mafia Captains" (see Rodriquez Supp. Brief Ex. A at 13).[5]

To date, however, only two of the cases on which the County Defendants rely have been found meritless and Wood has not filed in this district any of the threatened lawsuits referenced in Lamont's emails or, for that matter, any other lawsuit, nor has any party brought to the Court's attention any new filings in any other forum.

Accordingly, although the sending of the emails can be described as harassing, such conduct is not itself a pattern of harassing cases nor, at least, as of this date, is it sufficient evidence of such a pattern.

//
//
//
//
//

---

[4] Lamont is not admitted to the California State Bar or to the Bar of this district.

[5] Wood was copied on the great majority of the cited emails, and, to the extent she was not, she received a copy when the emails were filed in the instant action. Also, as the County Defendants point out, Lamont's email address, at Wood's request, has been added to Wood's Electronic Case Filing account, such that he electronically receives a copy of all filings in Wood's federal cases.

## CONCLUSION

For the reasons stated above, Carey's and the County Defendants' requests that the Court declare Wood a vexatious litigation are hereby DENIED, without prejudice to renewal if circumstances hereafter change.

**IT IS SO ORDERED.**

Dated: October 15, 2019

MAXINE M. CHESNEY
United States District Judge